Ruffin, Chief-Justice.
 

 After stating the case proceeded as follows:
 

 The deed from
 
 Halsey
 
 to the lessors of the plaintiff is, upon its face, a security. It recites several debts to the bargainees, and others for which they were jointly or respectively bound as sureties for the
 
 bargainor;
 
 and that “he was desirous of securing the said
 
 L. S.
 
 and J.
 
 H. H.
 
 against loss by reason thereof.” It then, “ in consideration of the premises and of the sum of ten dollars” conveys to them the premises in dispute and other things. It does not authorise the bargainees to sell and is, though not in the most approved form, substantially a mortgage. It is probable, from the statement of
 
 Halsey
 
 that it was contemplated by the parties, that the lessors of the plaintiff should
 
 sell the
 
 estates conveyed, and discharge the debts, although not so provided in the deed. For he says that after he had executed the deed, but on the same day, the lessors of the plaintiff gave him a written paper (which he calls a defeasance) purporting to be an agreement on their part to pay any surplus of the
 
 proceeds of sale, after
 
 the payment of the debts secured by the deed, to certain others of his creditors, or amongst his creditors. The deéd itself was registered within six months; but the paper delivered to
 
 Halsey
 
 has never been registered and is now lost. For this reason, the defendant prayed an opinion of the court, that the deed is void : which was refused.
 

 The opinion of this court accords with that of the JudSe who tried the cause. The deed itself is a mortgage on its face, and the registry of it communicates information of the nature
 
 of the
 
 interests of all the parties, at least so far as the debts mentioned in it extend, and tor the purposes for which it is now used. No evidence was given that those debts have been discharged, so as to shew that the lessors of the plaintiff
 
 *61
 
 are now using their legal title as trustees for the persons claiming under the separate instrument. The nature of that instrument appears very indistinctly. It ccr-tainly was not a defeasance though executed at the same time with the deed ; for it did not stipulate for the divesting of the estate conveyed by the deed, but was only a further declaration of other trusts to attach to the proceeds of the sales of the property, It did not form part of the contract on which this deed was given, but was a subsequent and distinct arrangement entered into for the satisfaction of
 
 Halsey,
 
 as to his having the benefit of any possible surplus. But if it had been, the only effect of not registering it would be to render void those trusts, and repel persons claiming under that paper as against
 
 Halsey’s
 
 general creditors. The case is very different from what it would be, if the deed to the lessors of the plaintiff was absolute. The whole would then be void, as the Court has decided in
 
 Gregory
 
 v.
 
 Perkins, (Cante p.
 
 50) at this term : because no information could then be gained from it that it was a mere encumbrance. But this deed, as to the demands mentioned in it, imports every thing within the meaning and purposes of the act of 1820; and no other defect being imputed to it, it must be supported.
 

 Per Curiam — Judgmekt aeeirmer',